UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**KENNEDY J. HYDE,**

                            **Plaintiff,**

               -v-                                      5:12-CV-295 (NAM/DEP)

**GKN AEROSPACE,**

                            **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Kennedy J. Hyde, #18894-052
Jamesville Correctional Facility
PO Box 143
Jamesville, New York 13078
Plaintiff, *pro se*

**Hon. Norman A. Mordue, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

      In this *pro se* employment discrimination action, United States Magistrate Judge David E. Peebles issued a Report and Recommendation (Dkt. No. 7) on April 27, 2012, recommending that the complaint be dismissed with leave to amend within 30 days. Plaintiff did not object to the Report and Recommendation, despite being given a total of 48 days to do so; thus, he has waived further judicial review of the matters therein.

      On June 14, 2012, this Court issued an order (Dkt. No. 9) accepting the Report and Recommendation; dismissing the complaint in its entirety with leave to file an amended complaint within 30 days; and directing automatic dismissal with prejudice upon plaintiff's failure to file a timely amended complaint. More than 30 days have elapsed and plaintiff has not filed an amended complaint.

Plaintiff has filed a letter motion for recusal and a change of venue (Dkt. No. 10). Plaintiff, who has two other matters currently pending before this Court (*Hyde v. Davis*, 5:12-CV-614; *United States v. Hyde*, 5:11-CR-420) writes:

> [T]he plaintiff objects to Hon Norman A Mordue presiding over yet another case brought before the District Court....
>
> The plaintiff has cause, pursuant to 28 U.S.C. 455, that impartiality is reasonably questioned through denial of counsel to perfect an appeal citing 'law is easy', Hyde v Davis. The rulings and comments by Hon Mordue leaves question of a personal bias or prejudice concerning the plaintiff, and certainly has knowledge of disputed evidentiary facts concerning the proceedings.
> ***
> As plaintiff has reason to believe a fair trial cannot be held before justices in the Syracuse Federal Courthouse, a change of venue is herein submitted.

Plaintiff's reference to a denial of counsel is unclear; possibly he is referring to *Hyde v. Davis*, 6:11-CV-709, an interlocutory bankruptcy appeal which this Court dismissed on November 28, 2011. In that case, the Court denied Hyde's request for appointment of counsel on August 1, 2011 on the ground that "it appears that most of the facts underlying the claim are within plaintiff's own knowledge, and the legal issues in themselves do not appear to be complex." (*Hyde v. Davis*, 6:11-CV-709, Dkt. No. 12). A routine denial of counsel almost a year ago in one of plaintiff's six cases handled by this Court is not an indicator of partiality, bias, or prejudice. There is no other basis upon which this Court's "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), nor is there any basis to find "personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).

Plaintiff also states that the Court "certainly has knowledge of disputed evidentiary facts concerning the proceedings." It is true that, while presiding over these cases, the Court has become aware of disputed facts; the statute, however, requires disqualification only where a judge

has "personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1) (emphasis added). The Court here has no personal knowledge of any facts in the case. There is no ground for disqualification. Finally, there is no ground for a change of venue.

It is therefore

ORDERED that plaintiff's letter motion (Dkt. No. 10) is denied; and it is further

ORDERED that the action is dismissed with prejudice;

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date:   July 25, 2012
        Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge